UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CR. NO. 22-68 (CRC) |
| AKIVA BERNSTEIN | ) | |
| | ) | |

**SUPPLEMENT TO SENTENCING MEMORANDUM
ADDRESSING THE JUDICIARY SENTENCING INFORMATION**

Akiva Bernstein, through undersigned counsel, respectfully provides this Supplement to his Memorandum in Aid of Sentencing. On November 7, 2022, this Honorable Court notified the parties that the Court has considered the U.S. Sentencing Commission's Judiciary Sentencing Information (JSIN) and will provide the parties with the opportunity to respond to the JSIN at sentencing. The defense has several concerns about the JSIN and provides the following arguments and data in advance of the sentencing hearing. In short, the JSIN's default tool provides a false impression that sentencing courts impose higher sentences than courts impose. In addition, relying on the JSIN may contribute to unwanted sentencing disparities among similarly situated defendants.

At the outset, the Court should resist anchoring itself to the guidelines or to any rote mathematical calculation. It is critical for sentencing courts to consider all sentencing factors and to not give undue weight to the Sentencing Guidelines because, as the Supreme Court has long emphasized that "'[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the

1

punishment to ensue.'"  *Gall v. United States*, 552 U.S. 52 (2007) ((quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)).

1. **The JSIN does not account for the severity of the offense, which may skew the numbers higher.**

The JSIN reports that in the last five years, there were 842 offenders whose primary guideline was U.S.S.G. § 2G2.2, with a Final Offense Level of 34 and a Criminal History Category of I.  Those 842 were sentenced to an average sentence of 104 month and a median length of imprisonment of 96 months.  That data does not include offenders who received a §5K1.1 substantial assistance departure.  However, relying on the total offense level fails to address the severity of the offense, which could be more or less severe.  The Sentencing Commission notes in its non-production child pornography report that "across all non-production child pornography offense types, §2G2.2 fails to distinguish adequately between more and less severe offenders."  U.S.S.C., *Federal Sentencing of Child Pornography Non-Production Offenses*, June 2021, at 19, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210629_Non-Production-CP.pdf.  The Commission found that charging practices, in part, contributed to the severity of the sentence.

2. **The JSIN relies on the guidelines, which does not account for the different treatment of similarly situated offenders.**

In its 2021 report, cited above, the Sentencing Commission explained that it "found that sentencing outcomes differed among similarly situated offenders seemingly based on factors <u>not</u> accounted for by the guidelines."  *Id.* at 48 (emphasis added).  Hence, the JSIN, which relies on the total offense level, does not account for similarly situated defendants, whose outcomes differ in part because of charging decisions.  Therefore, the JSIN does not assist the court in avoiding

"unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

By contrast the Commission's Interactive Data Analyzer allows the Court to see a larger set of sentencing outcomes for similarly situated defendants. From 2017 to 2021, there were 4,841 defendants sentenced under the primary guideline of 2G2.2, who were in Criminal History Category I. They received an average sentence length of 88 months and a median sentence of 72 months.





The figure includes the 4,841 cases reported to the Commission. Cases missing information necessary to complete the analysis were excluded from this figure. Sentences of 470 months or greater (including life) and probation were included in the sentence average computations as 470 months and zero months, respectively. Sentences of probation only are included here as zero months. The information in this figure includes conditions of confinement as described in USSG §5C1.1.
FILTER:
Fiscal Year: 2017,2018,2019,2020,2021; Circuit: All; State: All; District: All; Race: All; Gender: All; Age: All; Citizenship: All; Education: All; Crime Type: All; Guideline: §2G2.2; Drug Type: All; Sentencing Zone: All; Criminal History: I; Career Offender Status: All

These numbers include similarly situated defendants who received greater than 470 months and those who received probation. The JSIN numbers does not include probation sentences, unless the user selects the "Include Sentence Length Data" box. This is problematic because to properly adhere to treating similarly situated defendants the same, the Court must also consider defendants who committed the same offense, with the same criminal history, who received probation. Those defendants may have received probation due to court-sponsored or government-sponsored departures or variances.

In this District, 43 defendants were sentenced, where the primary guideline was U.S.S.G. § 2G2.2 over the last 5 years. The average length of sentence for those 43 defendants was 78 months and the median sentence length was 60 months, which is the mandatory minimum for the distribution charge.

4



The criminal history score and the offense level are not the only factors the Court should consider in fashioning a sentence among similarly situated defendants. The Interactive Data Analyzer also permits the Court to focus more closely on other characteristics of the defendant, such as age. When factoring age, the Interactive Data Analyzer shows that there were 2 cases in this District, where defendants were between 21 and 25 years old, from the years 2017-2021. Mr. Bernstein is in the same age range of these two defendants, who also were in the same criminal history category and whose primary guideline was 2G2.2. Those two defendants were sentenced to an average sentence length and a median sentence length of 58 months.



In conclusion, the JSIN numbers skew higher than the sentences that were actually imposed and it does not provide sufficient information on similarly situated defendants, preventing the Court from avoiding unwarranted sentencing disparities.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Ubong E. Akpan
Assistant Federal Public Defender
625 Indiana Ave., N.W.
Washington, D.C.  20004
(202) 208-7500